UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 11 CR 640 |
| | ) Judge Robert M. Dow, Jr. |
| ALSHAWENTUS BECK | ) |

PROTECTIVE ORDER DIRECTING THE INTERLOCUTORY
SALE OF CERTAIN PROPERTY

This matter coming before the Court on the government's motion for entry of a protective order directing the interlocutory sale of certain property pursuant to the provisions of Title 21, United States Code, Sections 853(e)(1)(A), and the Court being fully advised finds as follows:

(a) On September 20, 2011, a multi-count indictment was returned charging defendant ALSHAWENTUS BECK with violations of the Controlled Substances Act pursuant to the provisions of 21 U.S.C. §§ 846, 841(a)(1) and 843(b);

(b) The indictment seeks forfeiture to the United States of certain property, including one 2011 maroon Nissan Maxima, VIN: 1N4AA5AP8BC819517, ("Nissan") which represents the proceeds of drug trafficking and/or was used to facilitate the drug offenses pursuant to the provisions of 21 U.S.C. § 853;

(c) The United States requests action by this Court because financial responsibilities relating to the subject vehicle have not been satisfied, including the payment of the outstanding loan held by Nissan/Infiniti Financial Services, thereby affecting the value of the vehicle and jeopardizing the availability of any equity, after satisfaction of obligations, that will be available for forfeiture to the United States upon conviction. Specifically, the loan held by Nissan/Infiniti Financial Services for the Nissan has been delinquent since October 2011. The balance of the

loan as of January 2013 is $12,638.55, while the vehicle is valued at approximately $21,000;

 (d) Because the value of the vehicle will depreciate rapidly and the storage and maintenance costs will continue to accrue, the potential equity available to satisfy the judgment will be diminished if the vehicle is not sold pursuant to an interlocutory sale order. The United States requests action by this court to preserve the status quo, to secure itself so that, upon entry of a judgment of forfeiture, the United States will be able to satisfy that judgment.

 (e) Pursuant to 21 U.S.C. § 853, this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction;

 (f) Title 21, United States Code, Section 853(e)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

 (g) Accordingly, in order to preserve the availability of the equity in the vehicle subject to forfeiture, this Court shall enter a protective order directing the interlocutory sale of the vehicle by the United States Marshal, and that the proceeds from the sale, after payment of certain verifiable costs, be retained in an escrow account maintained by the United States Marshal, pending further order of this Court;

 (h) The United States requests this action because failure to take the proposed action

relating to the vehicle, in all probability, will jeopardize the availability of any equity in the vehicle, thus making the property or proceeds from the sale unavailable for forfeiture;

(i) Upon the sale of the vehicle, the loan held by Nissan/Infiniti Financial Services, shall be paid from the proceeds, including the unpaid principal balance, and interest due at the note rate;

(j) Further, that to the extent the United States Marshal Service incurs certain costs, the United States Marshal Service shall be permitted to deduct from the proceeds of the sale of the vehicle, any reasonable and necessary costs incurred to effectuate the sale of the vehicle and costs incurred to maintain the vehicle, if any, pending sale.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That the government's motion for entry of a protective order allowing the interlocutory sale of one 2011 maroon Nissan Maxima, VIN: 1N4AA5AP8BC819517, pursuant to the provisions of Title 21, United States Code, Section 853, is granted. The subject vehicle shall be sold at the direction of the United States Marshal Service. it is further ordered,

2. That, the proceeds from the sale of the subject vehicle, after the payment of verifiable costs, shall be retained in the Seized Assets Deposit Fund by the United States Marshal pending further order of this Court; it is further ordered,

3. That, upon the sale of the subject vehicle, the loan held by Nissan/Infiniti Financial Services, shall be paid from the proceeds, including the unpaid principal balance, and interest due at the note rate; it is further ordered,

4. That, the United States Marshal Service may incur certain costs and shall be permitted to deduct from the proceeds of the sale of the subject vehicle, any reasonable and

necessary costs incurred to effectuate the sale of the vehicle to maintain the vehicle, if any, pending sale; it is further ordered,

5. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory sale of the above-identified vehicle.

_____
ROBERT M. DOW, JR.
United States District Judge

DATED: 5-15-13